1  Gregory P. Sitrick (admitted pro hac vice)
   gregory.sitrick@quarles.com
2  QUARLES & BRADY LLP
   One Renaissance Square
3  Two North Central Avenue
   Phoenix, Arizona 85004-2391
4  Telephone: (802) 229-5317

5  Christopher J. Fahy (admitted pro hac vice)
   christopher.fahy@quarles.com
6  QUARLES & BRADY LLP
   300 North LaSalle Street, Suite 4000
7  Chicago, Illinois 60654
   Telephone: (312) 715-5107

8  Michael J. Curley (CA Bar No. 230343)
   michael.curley@quarles.com
9  Nikia L. Gray (admitted pro hac vice)
   nikia.gray@quarles.com
10 QUARLES & BRADY LLP
   One South Church Avenue, Suite 1700
11 Tucson, AZ 85701
   Telephone: (520) 770-8721
12

13 Jeffrey L. Fillerup (CA Bar No. 120543)
   jfillerup@mckennalong.com
14 MCKENNA LONG & ALDRIDGE LLP
   Rincon Center II
15 121 Spear Street, Suite 200
   San Francisco, CA 94105-1582
16 Telephone: (415) 356-4600

17 Attorneys for Defendant and Counter-Claimant Cabela's, Inc.

18

19 Jonathan Hangartner (CA Bar No. 196268)
   X-PATENTS, APC
20 5670 La Jolla Boulevard
   La Jolla, CA 92037
21 Telephone No.: 858.454.4313
   Fax No.: 858.454.4314
22 Email: jon@x-patents.com

23 Attorneys for Plaintiff and Counter-Defendant SureFire, LLC

24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| SUREFIRE, LLC, a California Company,<br><br>　　　Plaintiff and Counter-Defendant,<br><br>　v.<br><br>CABELA'S INCORPORATED, a Delaware corporation,<br><br>　　　Defendant and Counter-Claimant. | Case No. 8:11-cv-01888-FMO-RNB<br><br>Hon. Fernando M. Olguin<br><br>**STIPULATED PROTECTIVE ORDER** |

　　　Based upon the stipulation by and between Plaintiff and Counter-Defendant Surefire, LLC, and Defendant and Counter-Claimant Cabela's Incorporated, and good cause appearing therefore, the Court hereby enters the following Protective Order:

## DEFINITIONS

　　　1.　　The term "Confidential Information" shall mean and include non-public information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, and transcripts depositions, including data, summaries, and compilations derived therefrom, the disclosure of which would harm the competitive position of either party, which is deemed to be Confidential Information by any party to which it belongs.

　　　2.　　The term "materials" shall include, but shall not be limited to: documents, correspondence, memoranda, bulletins, blueprints, specifications, customer lists or other material that identifies customers or potential customers, price lists or schedules or other matter identifying pricing, minutes, telegrams, letters, faxes, e-mails, statements, cancelled checks, contracts, invoices, drafts, books of account, worksheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which

1  information can be obtained and translated into reasonably usable form through detection devices,
2  sketches, drawings, notes (including laboratory notebooks and records), reports, instructions,
3  disclosures, other writings, models and prototypes and other physical objects, as well as transcripts
4  of testimony containing Confidential Information.

5      3.    The term "counsel" shall mean outside counsel of record, and other attorneys,
6  paralegals, secretaries, contractors and other support staff employed or engaged by X-Patents,
7  APC, Quarles & Brady LLP, and McKenna Long & Aldridge LLP. "Counsel" shall not include
8  in-house attorneys for any party.

## GENERAL RULES

10      4.    Each party to this litigation that produces or discloses any materials, answers to
11  interrogatories, responses to requests for admission, deposition testimony, and transcripts of
12  depositions, or information that the producing party believes should be subject to this Stipulated
13  Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL -
14  ATTORNEYS EYES ONLY."

15      a.    Designation as "CONFIDENTIAL": Any party may designate information
16  as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the
17  unrestricted disclosure of such information could be potentially prejudicial to the business or
18  operations of such party and harmful to its competitive position.

19      b.    Designation as "CONFIDENTIAL - ATTORNEYS EYES ONLY": Any
20  party may designate information as "CONFIDENTIAL - ATTORNEYS EYES ONLY" only if, in
21  the good faith belief of such party and its counsel, the information is among that considered to be
22  most sensitive by the party, including but not limited to trade secret or other confidential research,
23  development, financial or other commercial information.

24      5.    In the event the producing party elects to produce materials for inspection, no
25  marking need be made by the producing party in advance of the initial inspection. For purposes of
26  the initial inspection, all materials produced shall be considered as "CONFIDENTIAL -
27  ATORNEYS EYES ONLY," and shall be treated as such pursuant to the terms of this Order.
28

Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY";

    b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

    c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY", as appropriate, and the original or any copy ultimately presented to a court for filing shall not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by Order of this Court.

7.  All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by Order of the Court.

8.  Information designated "CONFIDENTIAL - ATTORNEYS EYES ONLY" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts under the conditions set forth in this Paragraph, and by Court personnel. The right of any independent expert to receive any Confidential Information shall be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert shall provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the form attached hereto as **Exhibit A**, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within seven (7) days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the seven (7) day period has passed and no objection has been made. The approval of independent experts shall not be unreasonably withheld.

9.  Information designated "CONFIDENTIAL" shall be viewed only by counsel (as defined in paragraph 3) of the receiving party, by independent experts (pursuant to the terms of paragraph 8), by the Court and court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

(a)  Executives who are required to participate in policy decisions with reference to this action;

(b)  Technical personnel of the parties with whom Counsel for the parties find it

necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    (c)    Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal using the procedures required by L.R. 79-5.1. In particular, if any papers that are to be filed with the Court contain Confidential Information, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the Confidential Information (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed or in accordance with applicable court procedures.

13. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for

1  a ruling on the objection. Any such motion must comport with the requirements of L.R. 37-1 and
2  L.R. 37-2. The materials at issue shall be treated as Confidential Information, as designated by the
3  designating party, until the Court has ruled on the objection or the matter has been otherwise
4  resolved.

5      14.    All Confidential Information shall be held in confidence by those inspecting or
6  receiving it, and shall be used only for purposes of this action. Counsel for each party, and each
7  person receiving Confidential Information shall take reasonable precautions to prevent the
8  unauthorized or inadvertent disclosure of such information. If Confidential Information is
9  disclosed to any person other than a person authorized by this Order, the party responsible for the
10 unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized
11 disclosure to the attention of the other parties and, without prejudice to any rights and remedies of
12 the other parties, make every effort to prevent further disclosure by the party and by the person(s)
13 receiving the unauthorized disclosure.

14     15.    No party shall be responsible to another party for disclosure of Confidential
15 Information under this Order if the information in question is not labeled or otherwise identified as
16 such in accordance with this Order.

17     16.    If a party, through inadvertence, produces any Confidential Information without
18 labeling or marking or otherwise designating it as such in accordance with this Order, the
19 designating party may give written notice to the receiving party that the document or thing
20 produced is deemed Confidential Information, and that the document or thing produced should be
21 treated as such in accordance with that designation under this Order. The receiving party must
22 treat the materials as confidential once the designating party so notifies the receiving party. If the
23 receiving party has disclosed the materials before receiving the designation, the receiving party
24 must notify the designating party in writing of each such disclosure and take reasonable efforts to
25 recover any such materials so disclosed. Counsel for the parties shall agree on a mutually
26 acceptable manner of labeling or marking the inadvertently produced materials as
27 "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY".
28

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information shall not be disclosed.

19. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court. In particular, nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

21. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has

become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24. Facsimile or e-mail is acceptable for all notification purposes herein.

25. This Order may be modified by agreement of the parties, but only subject to Court approval.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an Order.

**IT IS SO ORDERED.**

Dated: FEB 12 2013

Robert N. Block, United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| SUREFIRE, LLC, a California Company, | Case No. 8:11-cv-01888-FMO-RNB |
| Plaintiff / Counterdefendant, | Hon. Fernando M. Olguin |
| v. | **STIPULATED PROTECTIVE ORDER** |
| CABELA'S INCORPORATED, a Delaware corporation, | |
| Defendant / Counterplaintiff. | |

I, _____, declare and say that:

1. I am employed as_____

by _____.

2. I have read the Stipulated Protective Order entered in *Surefire, LLC v. Cabela's, Inc*, 8:11-cv-01888-FMO-RNB, and have received a copy of the Stipulated Protective Order.

3. I promise and agree that I will use any and all "Confidential" or "Confidential - Attorneys Eyes Only" information, as defined in the Stipulated Protective Order, given to me only in a manner authorized by the Stipulated Protective Order, and only to assist counsel in the litigation of this matter.

4. I promise and agree that I will not disclose or discuss such "Confidential" or "Confidential – Attorneys Eyes Only" information with anyone other than the persons described in paragraphs 3, 8 and 9 of the Stipulated Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of California with respect

1 | to enforcement of the Stipulated Protective Order.

2 |       6.   I understand that any disclosure or use of "Confidential" or "Confidential – Attorneys Eyes Only" information in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

Printed Name: _____

US_WEST 803645822.1